

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-1226
                             Re: Reduction of indebtedness
                                 from credits allowed in ar-
                                 riving at taxable credits.

          We are in receipt of your letter of August 3,
1939, in which you submit the following question to this
department for an opinion:

          "A taxpayer in A county, Texas,
     owns considerable personal property
     in said A county, among which is a
     vendor's lien note for $15,000.00,
     secured by property in Texas. Said
     taxpayer refuses to render the note
     in question for ad valorem taxes,
     claiming an offset to a note for
     $7,000.00 he owes in Louisiana, which
     is secured by a chattel mortgage on
     personal property in the State of Loui-
     siana, and has no connection with the
     vendor's lien note owned in Texas.

          "This department desires your
     opinion as to whether the taxpayer in
     A county above described would be re-
     quired to render the vendor's lien note
     or any part thereof for taxes in Texas."

          Article 7145, Revised Civil Statutes, 1925, pro-
vides as follows:

          "All property, real, personal or
     mixed, except such as may be herein-
     after expressly exempted, is subject
     to taxation, and the same shall be
     rendered and listed as herein pre-
     scribed."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 7147, Revised Civil Statutes, 1925, reads as follows:

"Personal property, for the purpose of taxation, shall be construed to include all goods, chattels and effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State, whether the same be in or out of the State; all ships, boats and vessels belonging to inhabitants of this State, if registered in this State, whether at home or abroad, and all capital invested therein; all moneys at interest, either within or without the State, due the person, to be taxed over and above what he pays interest for, and all other debts due such person over and above his indebtedness; all public stock and securities; all stock in turn-pikes, railroads, canals and other corporations (except national banks) out of the State, owned by inhabitants of this State; all personal estate of moneyed corporations, whether the owners thereof reside in or out of this State, and the income of any annuity, unless the capital of such annuity be taxed within this State; all shares in any bank organized or that may be organized under the laws of the United States; all improvements made by persons upon lands held by them, the title to which is still vested in the State of Texas, or in any railroad company, or which have been exempted from taxation for the benefit of any railroad company, or any other corporation whose property is not subject to the same mode and rule of taxation as other property."

It is provided in Article 7149, Revised Civil Statutes, 1925, that:

"'Credits.' - The term 'credits,' wherever used in this title, shall be held to mean and include every claim and demand for money or other valuable thing, and every annuity or sum of money receivable at stated periods,

Honorable Geo. H. Sheppard, Page 3

due or to become due, and all claims and
demands secured by deed or mortgage, due
or to become due."

The taxable situs of the $15,000.00 vendor's
lien note, in the absence of additional facts, is the
domicile of the owner, whether secured or unsecured.

Ferris vs. Kemble (S. Ct. 1889) 12
S.W. 689
Connor vs. City of Waxahachie (S. Ct.
1889) 13 S.W. 30
Great Southern Life Insurance Co. vs.
City of Austin (S. Ct. 1922)
243 S.W. 778

Article 7147 includes within the definition of
personal property "all moneys, credits, bonds and other
evidences of debt owned by citizens of this State, whether
the same be in or out of the State." Article 7149 defin-
ing "credits" gives to such term a broad meaning so as to
include every claim and demand for money whether secured
or unsecured. No distinction is made between credits
whether secured by real or personal property or whether
the property securing same is located within this State
or without its jurisdiction. A claim or demand for money,
unless otherwise provided by statute, would clearly be a
"debt due such person" as set out in Article 7147, al-
though evidenced by a promissory note. As we construe
Article 7147, its effect is to tax the "net credits"
owned by a person by allowing a deduction of the debts
owed by him from the debts due such person. The result
of this is to arrive at the taxable value of one item
of personal property, i.e., "credits." This construction
is supported by an observation made by Justice Gaines in
Griffin vs. Heard (S. Ct. 1890) 14 S.W. 892, as follows:

"The effect of these provisions
is simply to subject to taxation, in
addition to tangible property, all
moneys actually belonging to the tax-
payer, and any excess that may exist
of his credits over his indebtedness."

The tax in the instant case is levied against an
item of intangible personal property of which the taxpayer
is the owner whether secured or unsecured, and not against
the underlying tangible property by which it may be secured.
Whatever the situs of the security, we think it is nonethe-

Honorable Geo. H. Sheppard, Page 4

less an indebtedness of the taxpayer and may be deducted in arriving at his taxable credits.

Nor do we think the fact that there is no connection between the $15,000.00 and $7,000.00 items, and that they do not arise out of the same transaction prevent a deduction. The apparent purpose of the statute is to arrive at the balance of the total debts due such person over and above his total indebtedness.

It is our opinion, under the facts stated, that the taxpayer would be required to render as his taxable credits the value of the $15,000.00 note less the $7,000.00 item of indebtedness.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

CCC:FG

APPROVED AUG 15, 1939

ATTORNEY GENERAL OF TEXAS